**MITSUI MARINE & FIRE INSURANCE CO., LTD. as subrogee of Mitsui & Co. (USA), Inc., Plaintiff,**

v.

**JAPAN AIRLINES, Defendant.**

**No. 98 Civ. 3605(RO).**

United States District Court,
S.D. New York.

July 30, 1999.

Graham, Miller, Neandross, Mullin & Roonan, LLC, Michael J. Slevin, New York, NY, for plaintiff.

Condon & Forsyth, LLP, Christopher Carlsen, New York, NY, for defendant.

*MEMORANDUM & ORDER*

OWEN, District Judge.

Before me is a motion for partial summary judgment. Defendant Japan Airlines asserts that damages in this case are limited to $6,490 by the Warsaw Convention.[1]

---

1. Convention for the Unification of Certain Rules Relating to International Travel by Air, Oct. 12, 1929, 49 Stat. 3000, TS 876; reprinted in 49 U.S.C. § 40105 note. The United

Section 1 of Article 18 of the Warsaw Convention provides that liability under the Convention extends to any damage of goods that is sustained during transportation by air. Article 22(2) limits such liability, providing that: "In the transportation of ... goods, the liability of the carrier shall be limited to a sum of [$20] per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires...." No such "special declaration" was made.

Plaintiff Mitsui Marine & Fire Insurance Co. seeks $162,541 for damage to computer equipment shipped from Boston to Tokyo via New York. The computer equipment came on a truck from Boston to JFK Airport in New York, and was then shipped by air to Tokyo. At JFK, someone, in the regular course of business, signed a Manifest of Substitute Trucking Services, reciting that the equipment arrived at JFK "in Good Order and Condition." There is no evidence to the contrary. Therefore I can only and do conclude that the damage here occurred during the air transport, and therefore the Warsaw Convention applies.

I reject the plaintiff's argument that the Warsaw Convention does not apply because "it is likely" that during the transport from Boston to New York the truck driver made stops, and there were no stops indicated on the air waybill signed by both parties. It is well established that conjecture and speculation are not enough to defeat a motion for summary judgment. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2nd Cir.1998).[2]

Thus, given the foregoing, defendant Japan Airlines' motion for partial summary judgment is granted. The Warsaw Convention applies to limit liability to $20 per kilogram and it is undisputed that the equipment at issue here weighed 324.5 kilograms. Accordingly Japan Airlines' liability is limited to $6,490.00

So ordered.

---

States and Japan are High Contracting Parties to the Warsaw Convention.

**2.** Furthermore, I note that Article 8(c) requires only that the air waybill list all "agreed stopping places, provided that the carrier may reserve the right to alter the stopping places in case of necessity" and that the purpose of this stopping-places requirement is to notify shippers of the international character of the

flight, *see Brink's Ltd. v. South African Airways*, 93 F.3d 1022, 1035 (2nd Cir.1996). Even if, as may have happened, the truck driver stopped to use a bathroom or eat a hamburger, this does not constitute a "failure to list stopping places" and certainly does not deprive Japan Airlines of its protection under the Warsaw Convention.